THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ANI GROUP, LLC, | ) | Case No. 12 B 35194 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date and Time: |
| | ) | June 27, 2013 at 10:30 a.m. |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on June 27, 2013, at 10:30 a.m., I shall appear before the Honorable Judge Jacqueline P. Cox, or any other judge sitting in her stead, in Room 680, 219 South Dearborn Chicago, Illinois, and request a hearing on Debtors' Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 6th day of June 2013.

/s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Christina M. Riepel (Atty. ID #6297514)
Dennis E. Quaid (Atty. ID #02267012)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

Scott N. Schreiber, Esq.
Shelly A. DeRousse, Esq.
Stahl Cowen Crowley Addis LLC
55 West Monroe, Suite 1200
Suite 1200
Chicago, IL 60603

Monette W Cope
Weltman Weinberg & Reis Co LPA
180 North LaSalle Street, Suite 2400
Chicago, IL 60601

**Parties Served Via First Class Mail**

ANI Group LLC
645 North Rand Road
Lake Zurich, Illinois 60047

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ANI GROUP, LLC, | ) | Case No. 12 B 35194 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date and Time: |
| | ) | June 27, 2013 at 10:30 a.m. |

**DEBTOR'S ATTORNEYS' APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid, and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for ANI Group, LLC as Debtor and Debtor in Possession ("ANI" or "Debtor") in this Chapter 11 case, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order **(a)** allowing final compensation of $149,141.25 for 396.05 hours of professional services rendered to the Debtor and reimbursement of costs and expenses in the amount of $2,572.98 and **(b)** authorizing payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $99,394.23, and, in support thereof, state as follows:

1. On September 4, 2012, ANI filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtor is authorized to operate its business as Debtor in Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code and no trustee has been appointed in this case.

2. On or about May 15, 2013, the Debtor's Amended Plan of Reorganization was confirmed.

3. The Debtor has paid all quarterly fees due to date to the United States Trustee.

4. The Debtor has filed all monthly operating reports due to date.

5. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to all parties on the service list, including the United States Trustee, all creditors and parties in interest.

1

6. On September 27, 2012, the Court entered an *Order Authorizing Employment of Attorneys* (Docket No. 21).

7. Prior to filing the Attorneys received an advance payment retainer in the amount of $22,320.00.

8. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients. At all times relevant hereto, the Attorney's services have been billed as follows: Dennis E. Quaid $450.00 per hour, Gregory K. Stern $435.00 per hour[1], Monica C. O'Brien $400.00 per hour[2], and Christina M. Riepel $300.00 per hour.

9. On February 12, 2013, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 95) (that is incorporated by reference herein and made a part hereof); and, on April 8, 2013, this Court entered an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 139) of $107,605.75 to Counsel for 287.05 hours of professional services rendered and reimbursement of $1,974.28 of costs expended from August 10, 2012, through February 7, 2013. The Attorneys received post petition payment of $30,000.00 towards the allowed interim compensation and reimbursement of costs awarded.

10. The Attorneys have expended an additional 109.00 hours of professional services from February 8, 2013, through June 6, 2013, as more fully set forth in the Time Sheets attached hereto and made a part hereof.

11. The professional services rendered from August 10, 2012, through June 6, 2013, have been separated into seven (7) service categories, for the purposes of summarizing with specificity the

---

[1] Effective 4/1/13 attorney Stern's hourly rate increased by $15.00

services rendered on behalf of the Debtors in Possession and the benefit of the estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration | 74.10 |
| B. Automatic Stay Matters | 56.95 |
| C. Cash Collateral and Adequate Protection | 72.80 |
| D. Claims and Claim Actions | 13.50 |
| E. Litigation Claims | 12.60 |
| F. Plan and Disclosure Statement | 150.70 |
| G. Professionals | 15.40 |
| **TOTAL:** | **396.05** |

12. The professional services were rendered within the service categories as follows:

A. **General Case Administration** – This service category involved 74.10 hours of services that generally includes the following: **1)** Meetings, teleconferences and correspondence with Steve Anichini ("SA") regarding representation of the Debtor in Possession, books, records and information required, Debtor in Possession operations, Operating Instructions and Reporting Requirements, operating reports, monthly preparation of same, DIP accounts, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, Chapter 11 Schedules and Statement of Financial Affairs, case disclosures, meeting of creditors; and communications with parties in interest; **2)** Meetings, teleconferences and correspondence with the U.S. Trustee's office regarding case filing, operating reports, trustee's quarterly fees and case administration; **3)** Meetings, teleconferences and correspondence with creditors and creditors' attorneys regarding Chapter 11 case, Debtor in Possession operations and claims; **4)** Communications with Debtor's corporate attorney relating to corporate structure, Chapter 11 filing and Debtor in Possession operations; **5)** Communications with Culvers franchisor relating to Chapter 11 filing, continued business operations of Debtor franchisee, Franchise Agreement and communications and negotiations with FirstMerit Bank; **6)** Communications with Debtor's prepetition litigation counsel and reviewing documents received from litigation counsel; **7)** Communications with Debtor's accountants relating to Chapter 11 filing and Debtor in Possession operations; **8)** Drafting Motion to Extend Time to File Schedules and Statement of Financial Affairs, Notices and Orders; **9)** Investigating Debtor's corporate

---
[2] Effective 4/1/13 attorneys O'Brien and Riepel's hourly rates increased by $25.00

3

structure, assets, liabilities, secured liens and reviewing documentation relating to same; **10)** Drafting Petition, Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules, Statement of Financial Affairs, amendments and miscellaneous documents; **11)** Representation at initial debtor interview, meeting of creditors and meetings with U.S. Trustee; **12)** Services relating to operating reports and other reporting requirements; **13)** Court appearances; and, **14)** General case administration matters.

   B. **Automatic Stay Matters** - This service category involved 56.95 hours of services that included: **1)** Meetings, teleconferences and correspondence with Stephen Anichini ("SA") regarding FirstMerit Bank's Motion to Modify Stay, asset and property valuations, mortgage debt restructuring, adequate protection and preparations for contested evidentiary hearing regarding FirstMerit Bank's Motion to Modify Stay; **2)** Meetings, teleconferences and correspondence with FirstMerit Bank's attorneys regarding Motion to Modify, briefing schedules, parties' disputes, bank's violation of automatic stay, settlement negotiations, asset and property valuations, settlement discussions and all matters related to contested evidentiary hearing on FirstMerit Bank's Motion to Modify Stay; **3)** Draft Response to Motion to Modify Automatic Stay, restructuring proposals, Exhibit and Witness Lists, Interrogatories, Production Request, Responses to bank's Interrogatories and Production Request, Response to bank's pretrial motions; **5)** Representation at witness depositions; **6)** Preparations for contested evidentiary hearing; and, **7)** Representation at contested evidentiary hearing on FirstMerit Bank's Motion to Modify Stay.

   C. **Cash Collateral and Adequate Protection -** This service category involved 72.80 hours of services related to the Debtor's use of cash collateral. The Debtor and FirstMerit Bank engaged in ongoing communications regarding cash collateral and the Debtor's budget and the Debtor was allowed the use of cash collateral on an interim basis throughout the Chapter 11 case.

   The services rendered in this service category generally included the following: **1)** Reviewing loan documents and UCC filings; **2)** Teleconferences, communications and meetings with secured creditor's attorneys regarding budgetary issues, adequate protection payments, objections of FirstMerit Bank to continued use of cash collateral, and hearings on use of cash collateral; **3)** Drafting Motion to Use Cash Collateral, Notice and Interim Orders; **4)** Teleconferences, meetings and communications with SA regarding business operations, DIP budget, cash collateral hearings and adequate protection payments;

and, **5)** Representation of Debtor at court hearings including contested evidentiary hearing on use of cash collateral.

D. **Claims and Claim Actions** – This service category involved 11.60 hours of services involving services related to claims against the Debtor that included the following: **1)** Investigating claims and supporting documents; **2)** Reviewing creditor proofs of claim and supporting documentation; **3)** Teleconferences, meetings and other communications with SA relating to creditor claims and objections to claims; **4)** Teleconferences and other communications with creditor attorneys relating to creditor claims; **5)** Drafting Motion to Set Claims Bar Date, Notice, Certificate of Service, Service List and Order; **6)** Communications with administrative claimant's attorney relating to creditor's Motion for Allowance of Administrative Claim, investigation and resolution of 503(b)(9) claims; and, **7)** Representation of Debtor at all court hearings.

E. **Litigation Claims** – This service category involved 12.60 hours of services and included: **1)** Investigation of possible fraudulent transfers between Debtor and ANI II, LLC; **2)** Teleconferences, meeting and correspondence to SA relating to investigation of possible fraudulent transfers and documentation; **3)** Communications with FirstMerit Attorney and Rally Capital representatives relating to investigation of possible fraudulent transfers, Debtors books and records and related documentation; and **4)** Communications with Debtor's accountants concerning investigation of possible fraudulent transfer and avoidance actions and related books, records and documentation.

F. **Plan and Disclosure Statement** - This service category involved 150.70 hours of services related to the Debtor's Plan of Reorganization and Disclosure Statement and Amendments that included: **1)** Teleconferences, meetings and communications with Debtor's principal, SA, and Debtor's accountants discussing terms and provisions of drafts of, and amendments to, Plan of Reorganization and Disclosure Statement; Amendments, cash flow projections, consolidated financial statements and all matters relating to the Plan of Reorganization and Disclosure Statement; **2)** Teleconferences, meetings and communications with FirstMerit Bank representatives and attorneys discussing bank debt and Debtor's Plan of Reorganization, negotiating agreed terms of Plan of Reorganization and Amendments, correspondence regarding FirstMerit's rejection of agreed terms of the Plan of Reorganization, Objection

to Adequacy of Disclosure Statement and discovery and evidentiary matters related to evidentiary hearing on the adequacy of the First Amended Disclosure Statement; and all matters relating to the Plan of Reorganization and Disclosure Statement and Amendments thereto, **3)** Drafting Plan of Reorganization, Disclosure Statement, Amendments, Liquidation Analysis, amendments thereto and Response to FirstMerit Objection to the Adequacy of the Disclosure Statement; **4)** Representation of Debtor at hearing and contested evidentiary hearing on adequacy of the First Amended Disclosure Statement and hearings on confirmation of Plan of Reorganization and Amendments; and, **5)** Counseling regarding all matters relating to the Plan of Reorganization and Disclosure Statement and Amendments.

G. **Professionals -** This service category involved 15.40 hours of services that included: **1)** Communications with Debtor regarding employment of accountants and broker; **2)** Communications with Accountants and Mortgage Broker regarding employment by Debtor, Court approval of same and compensation process **3)** Drafting Application to Employ Counsel, Application to Employ Accountant, Application to Employ Broker, Affidavits, Notices and Orders; **4)** Representation at hearings on Applications to Employ; **5)** Reviewing, organizing and finalizing itemized time sheets; and, **6)** Drafting Accountant's First Application for Interim Compensation, Attorneys' Application for Allowance of Interim Compensation and Attorneys' Application for Allowance of Final Compensation.

13.   All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization; and, as such, all of the services rendered were authorized pursuant to the Court's September 27, 2012 Order Authorizing Employment Of Counsel and benefited the estate as evidenced by the confirmation of the Amended Plan of Reorganization.  No time has been included for services that are in the nature of clerical work.

14.   There has been no duplication of services by Gregory K. Stern, Monica C. O'Brien, Christina M. Riepel, or Dennis E. Quaid.  Mr. Quaid oversaw and supervised all aspects of the case and all attorney services performed.  Generally, only one (1) attorney was assigned to a specific matter.  In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved or the critical time

constraints that existed.

15.     The value of the professional services rendered to the Debtor, as Debtor In Possession, covered by this Application is $148,553.75.[3]

16.     Reimbursement of actual and necessary costs in the amount of $1,974.28 were sought by Counsel in the First Application; and, additional actual and necessary costs in the amount of $598.70 have been expended by Counsel for which reimbursement is being sought.  Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy, except where a copy service was employed, and such charges are shown as invoiced.

**WHEREFORE**, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, and Christina M. Riepel pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, **(a)** Allowing Gregory K. Stern, P.C. final compensation in the amount of $149,141.25 for actual and necessary professional services rendered and reimbursement in the amount of $2,572.98 for actual and necessary costs and expenses incurred; **(b)** Authorizing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $99,394.23 as a priority cost of administration; and, **(c)** For such other relief as this Court deems just.

Respectfully submitted,

By:   /s/ Gregory K. Stern
         Gregory K. Stern, Esq.
         Attorney for ANI Group, LLC

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Christina M. Riepel (Atty. ID #6297514)
Dennis E. Quaid (Atty. ID #02267012)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

---

[3]   The attorney services rendered herein were provided at a blended rate of $376.58 per hour